<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRAVIS ANDREW CAVANAUGH, | : | |
| Petitioner, | : | Civil Action No.: 15-3537-BRM |
| v. | : | **OPINION** |
| BARRY NADROWSKI, | : | |
| Respondent. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2241, brought by *pro se* Petitioner Travis Andrew Cavanaugh ("Petitioner"), a pretrial detainee currently confined at the Ann Klein Forensic Center in West Trenton, New Jersey, who asserts that his right to a speedy trial under the Sixth Amendment has been violated. Respondent Barry Nadrowski ("Respondent") filed an Answer addressing the merits of Petitioner's claim, (*see* Am. Answer (ECF No. 13)), and Petitioner did not file a reply. Also before the Court is Respondent's Motion to Seal certain state court records filed with the Answer. (ECF No. 16.) Petitioner has not opposed this Motion. For the reasons stated below, the Court grants the Motion to Seal, and denies the Petition.

### I. FACTUAL BACKGROUND

On June 8, 2013, Petitioner was arrested by police officers after a report of burglary in progress, during which Petitioner attempted and gained entry to the victim's home by force. (Officer Report for Incident 13NT14052 (ECF No. 13-5) at 3.) Petitioner strenuously resisted arrest, resulting in multiple officers suffering injuries. (*Id.* at 4.) Thereafter, Petitioner was

indicted by a grand jury on September 10, 2013 for burglary, aggravated assault, and related crimes. (*See* Indictment No. 13-09-1614 (ECF No. 13-4) at 11-12.)

After his arrest and before the formal indictment had issued, the trial court questioned whether Petitioner would be competent to stand trial. (Order, July 16, 2013 (ECF No. 13-8).) Consequently, on July 16, 2013, the trial court entered an order mandating a psychiatric evaluation of Petitioner's fitness to proceed to trial. (*Id*.) The trial court also set bail at $275,000, which the Court presumes Petitioner could not meet. (Bail Order and Warrant to Detain, July 18, 2013 (ECF No. 13-9).) Evaluations were conducted by multiple psychiatric professionals, and while initially Petitioner was found fit for trial, (*see* Report of Dr. Susie Chung, Dec. 9, 2013 (ECF No. 13-10, Ex. H) at 4; Report of Dr. Daniel P. Greenfield, June 17, 2014 (ECF No. 13-10, Ex. I) at 16), later, his mental conditions had deteriorated to the point that he was deemed no longer fit for trial, (*see* Report of Dr. Greenfield, Jan. 22, 2015 (ECF No. 13-10, Ex. J) at 3). Accordingly, on July 15, 2015, the trial court entered an involuntary commitment order, finding that Petitioner was not fit to stand trial, and that he was "so dangerous to self, others or property as a result of mental illness as to require institutionalization." (Order, July 15, 2015 (ECF No. 13-3).) On October 6, 2016, a competency hearing was held by the trial court, and Petitioner was again found to be unfit for trial. (Tr. of Competency Hearing (ECF No. 15-1) at 29.) Petitioner remains in involuntary commitment to this day.

During this period, Petitioner filed two *pro se* motions for speedy trial with the trial court. (*See* Order of Dismissal, Sept. 15, 2014 (ECF No. 13-13); Order of Dismissal, Feb. 6, 2015 (ECF No. 13-16).) The trial court dismissed both motions without prejudice based on the state rule that no *pro se* filings shall be accepted by the court when a litigant is represented. (*See* ECF Nos. 13-13 & 13-16.) The trial court invited Petitioner's public defender to file speedy trial motions on

Petitioner's behalf, but the public defender never did so. (*See* ECF Nos. 13-13 & 13-16.) Indeed, a speedy trial motion would have been inconsistent with the public defender's argument before the trial court that Petitioner was not competent to stand trial, as well as his introduction of a potential insanity defense. (*See* ECF No. 13-10, Ex. I at 1.)

## II. DECISION

### A. Motion to Seal

Respondent seeks to seal certain state court records submitted with his answer—documents pertaining to Petitioner's mental health evaluations, and other records containing personally identifiable information. As to the records containing personally identifiable information, an order to seal is not actually required, as Respondent has already filed redacted versions of those documents on the docket, and the redacted information is not relevant to the instant matter. *See* L. Civ. R. 17. Additionally, as to the records of Petitioner's mental health evaluations, the Court finds that an order to seal is proper for the reasons set forth below.

In deciding whether to seal documents filed on the public docket, the Court examines "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). The Court should also consider "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity

or official; and (7) whether the case involves issues important to the public." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Applying the factors set forth above, it is patently clear there is no compelling reason why the details of Petitioner's mental health evaluations should be disclosed to the public. Most of the information is irrelevant for the purposes of this Petition—it is enough to know that Petitioner asserted mental fitness and insanity defenses, and that the state court took appropriate measures to investigate those defenses. Although the details of those mental health evaluations are helpful background information for the Court in adjudicating the Petition, they are not vital to the public at large. The non-confidential information as summarized by the Court above in the background section is sufficient for the public interest. As such, Respondent's Motion to Seal is granted.[1]

B. Habeas Petition

Although the Third Circuit has not decided this issue, multiple circuits have held that in a habeas petition filed by a pretrial detainee under § 2241, the state court proceedings are to be reviewed *de novo*. *Donaldson v. Bova*, 552 F. App'x 554, 559 (6th Cir. 2014); *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011); *Hoyle v. Ada Cty.*, 501 F.3d 1053, 1059 (9th Cir. 2007); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). Furthermore, the speedy trial issue was never addressed by the trial court on the merits. Therefore, the Court reviews the state court record without deference to the state court's conclusions of law, and addresses Petitioner's speedy trial claim *de novo*.

---

[1] The Court notes that Respondent did not file the documents to be sealed on the electronic docket under a temporary seal, pursuant to L. Civ. R. 5.3(c). Instead, he provided paper copies to the Court, and referenced the documents in the docket with placeholders. While this is sufficient for the Court's adjudication of the instant matter, Respondent should be mindful that similar procedures may need to be followed with his submissions to the Third Circuit, should Petitioner appeal this Court's decision.

The Sixth Amendment of the U.S. Constitution states, in part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "[T]he right to a speedy trial is fundamental and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." *Barker v. Wingo*, 407 U.S. 514, 515 (1972). In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973), the Supreme Court held that a pretrial detainee may file a habeas claim in federal court challenging an ongoing criminal proceeding, based on a violation of his right to a speedy trial, even when the criminal proceeding has yet to conclude. To determine if a defendant's right to speedy trial has been violated, courts employ a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (citing *Barker*, 407 U.S. at 530). Some of the factors courts should consider when applying this test are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Brillon*, 556 U.S. at 90; *Barker*, 407 U.S. at 530. While deliberate delays by the prosecution obviously weigh heavily against the State, "more neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Brillon*, 556 U.S. at 90 (internal quotations omitted).

Here, Petitioner asserts that his speedy trial right was violated because he has not yet been brought to trial, even though he has been in custody since June 8, 2013, more than three years ago. However, beyond the first *Barker* factor, all of the other factors weigh against Petitioner. This delay was clearly caused by the assertion of the mental fitness and insanity defenses. Given the state court record before the Court, the Court cannot find counsel's decision to raise those defenses to be objectively unreasonable—indeed, they appear to be the only

plausible defenses. The Court also cannot find that counsel's decision not to pursue a speedy trial motion was objectively unreasonable; it would have been utterly incompatible with the assertion that Petitioner was unfit to stand trial. *See Alldredge v. Harrington*, No. 06-7147, 2011 WL 3047624, at *11 (N.D. Cal. July 25, 2011) ("The period during which a defendant is not competent is not counted in the Court's assessment of whether the trial occurred in a timely fashion, because a state cannot, consistent with due process, hold a trial for a mentally incompetent defendant."); *Ciaprazi v. Senkowski*, No. 00-5425, 2003 WL 23199520, at *10 (E.D.N.Y. Dec. 5, 2003) ("The delay in trying petitioner was almost entirely due to the court's granting of petitioner's motion to declare him unfit to stand trial. He was not denied a speedy trial."). Finally, it is obvious that Petitioner suffered no prejudice from the delay, as the delay to trial was exactly the result sought by Petitioner's counsel.[2] Having reviewed the state court record, the Court finds that the *Barker* factors weigh against Petitioner, and that his right to a speedy trial was not violated. The Petition is denied.

### III.  CONCLUSION

For the reasons set forth above, the Motion to Seal is **GRANTED**, and the Petition is **DENIED**.

Date: December 21, 2016                            /s/ Brian R. Martinotti             
                                                                           **HON. BRIAN R. MARTINOTTI**
                                                                           **United States District Judge**

---

[2] Perhaps Petitioner filed his *pro se* speedy trial motions and the instant Petition because he was either unaware, or did not understand, that the assertion of the defenses based on his mental capacity could result in his involuntary commitment. The Court makes no findings or rulings on the propriety of that hypothesis, other than to say even if that was the case, it would not have helped Petitioner's speedy trial claim—he was still the cause of the delay.