# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TRAVIS ANDREW CAVANAUGH,

    Petitioner,

v.

BARRY NADROWSKI,

    Respondent.

Civil Action No.: 15-3537-BRM

**MEMORANDUM AND ORDER**

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Travis Andrew Cavanaugh ("Petitioner"), a pretrial detainee. The Petition seeks relief, under 28 U.S.C. § 2241, asserting Petitioner's speedy trial right has been violated in a state criminal proceeding. The Court previously denied the Petition, on December 21, 2016, finding Petitioner's speedy trial right was not violated because the delay to trial was caused entirely by his counsel's assertion of mental fitness and insanity defenses. (ECF No. 17.) Presently before the Court are Petitioner's letters challenging this ruling, which the Court construes as motions for reconsideration. (ECF Nos. 19 & 24.)

To prevail on a motion for reconsideration, Petitioner must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014).

The only argument Petitioner makes in his letters is that "while the plea of NGRI [Not Guilty by Reason of Insanity] may be available that doesn't mean the defendant has to use it or can be coerced into using it (by counsel)." (ECF No. 19 at 2.) Petitioner further argues he "still has the right to a speedy trial meaning they can either find me incompetent and drop the charges or take me to trial they can't just leave me sitting here like this which is a speedy trial violation." (*Id.*) While this argument raises concerns about whether Petitioner's counsel fully discussed and explained the consequences of asserting mental capacity and insanity defenses, counsel's conduct is nonetheless attributed to Petitioner for the purposes of a federal habeas claim. *See Vermont v. Brillon*, 556 U.S. 61, 85 (2009) ("Assigned counsel, just as retained counsel, act on behalf of their clients, and delays sought by counsel are ordinarily attributable to the defendants they represent."). Petitioner may seek to assert an ineffective assistance of counsel claim once his criminal matter concludes, but that is of no relevance to the instant Petition.

Furthermore, Petitioner's argument seems to indicate he is under the impression that, if he is found not guilty by reason of insanity, the charges against him would be dropped and he would be released from custody. That is hardly the case. Under New Jersey law, once a defendant has been found not guilty by reason of insanity, in many cases, the defendant becomes subject to an order of involuntary civil commitment, not unlike the conditions under which Petitioner is currently being held.[1] *See State v. Krol*, 68 N.J. 236, 243 (1975). As stated above, the Court is unable to determine, at this time, whether Petitioner's counsel fully explained the consequences of an insanity defense to Petitioner, but nothing in the record before this Court suggests that counsel is acting to the detriment of Petitioner's interests. Because the defenses of mental capacity and

---

[1] As the Court previously noted, Petitioner is currently under an involuntary commitment order due to the trial court's finding that he is not fit for trial and is a danger to himself and the community. (ECF No. 17 at 2.)

insanity go hand-in-hand, the Court cannot say the assertion of these defenses, which has caused the delay to trial, is a constitutionally unsound strategy requiring some sort of immediate habeas relief from this Court. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Evans v. Ct. of Common Pleas, Del. Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). Accordingly, the Court finds Petitioner has not stated a valid reason for the Court to reconsider its denial of the Petition and, therefore, his motions for reconsideration are **DENIED**.

Finally, also before the Court is Petitioner's application to proceed in forma pauperis ("IFP"), filed for the purposes of appeal, which the Court construes as an application under Fed. R. App. P. 24(a)(1). (ECF No. 21.) The Court has reviewed the application, and finds Petitioner has failed to establish that he is unable to pay for fees and costs. In the application, Petitioner attaches a prison account statement, which shows that from September 2, 2016 to March 1, 2017, Petitioner had income totaling $1,376.16, or an average exceeding $200.00 a month. Indeed, Petitioner had an account balance of $425.91 at the end of this period, with a high balance of $652.48 during that period.

In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* Here, Petitioner's income is more than twice the $95/month threshold established in *Shahin*, and Plaintiff

admits he is currently incarcerated, so he has his food, clothing, shelter, and medical expenses paid for by the prison. The Court recognizes that the filing fee on appeal is significantly higher than the filing fee in this Court, particularly for a habeas petition. However, like the plaintiff in *Shahin*, Petitioner may have to save up in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124. Accordingly,

**IT IS** on this 13th day of April, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that Petitioner's letters, construed as motions of reconsideration, ECF Nos. 19 & 24, are hereby **DENIED**; it is further

**ORDERED** that Petitioner's application to proceed in forma pauperis for the purposes of appeal, ECF No. 21, is hereby **DENIED**; and it is further

**ORDERED** that that the Clerk shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

                                           ____/s/ Brian R. Martinotti_____
                                           **HON. BRIAN R. MARTINOTTI**
                                           **United States District Judge**